**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA GONZALEZ DIAZ, on behalf of herself and as representative of the Estate of Juan Martin Gomez Martinez; ELIZABETH CASTILLO RABAGO, on behalf of herself and her minor child and as representative of the Estate of Gil Rico Montelongo; TOMASITA MARTINEZ ALMAGUER, on behalf of herself and her minor child and as representative of the Estate of Reyes Cuevas Silvas, | No. 11-15848 <br><br> D.C. No. 2:10-cv-00355-ROS <br><br><br> MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| GRUPO MEXICO INCORPORATED; AMERICAS MINING CORPORATION; SOUTHERN COPPER CORPORATION, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BEA and WATFORD, Circuit Judges, and SESSIONS, District Judge.[**]

Plaintiffs bring suit under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, which grants federal courts jurisdiction over an alien's tort claims for a "violation of the law of nations." As we have previously explained, "any claim based on the law of nations must 'rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms' of piracy, infringement on the rights of ambassadors, and violation of safe conducts." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 737 (9th Cir. 2008) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 725 (2004)). Neither of the norms plaintiffs identify suffices to meet this standard.

First, plaintiffs have not provided sufficient evidence of an international norm prohibiting extrajudicial killings that are not the result of state action. *See In re Estate of Marcos, Human Rights Litig.*, 978 F.2d 493, 501-02 (9th Cir. 1992) (noting as a general matter that "[o]nly individuals who have acted under official authority or under color of such authority may violate international law"). Nor does the Mexican government's alleged failure to ensure that defendants

---

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

2

adequately addressed safety concerns constitute the sort of substantial joint activity that would be required to satisfy the state action requirement.

Second, plaintiffs argue that defendants' conduct violated a general workplace safety norm. Even assuming that such a norm has achieved sufficiently broad acceptance, it would be too vague to satisfy *Sosa*'s specificity requirement. Like the arbitrary arrest principle invoked by the plaintiff in *Sosa*, the right to a safe workplace "expresses an aspiration that exceeds any binding customary rule having the specificity we require." *Sosa*, 542 U.S. at 738.

Because plaintiffs have not alleged a claim that violates the law of nations, the ATS does not provide a basis for federal jurisdiction. Plaintiffs separately assert that the district court may exercise jurisdiction over their state law claims under the Class Action Fairness Act of 2005. However, plaintiffs failed to allege affirmatively, as they were required to do, that the amount in controversy exceeds $5,000,000 and that the proposed class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (5); *South Side Theatres v. United West Coast Theatres Corp.*, 178 F.2d 648, 649 (9th Cir. 1949) ("The statement of the facts upon which the existence of federal jurisdiction depends must affirmatively and distinctly appear in the plaintiff's complaint."). Accordingly, the district court properly dismissed the state law claims for lack of subject matter jurisdiction.

**AFFIRMED.**